UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                      :
JONATHAN RICHARDSON                   :
                                      :
                    Plaintiff,        :
            v.                        :     07 Civ. 6594 (BSJ)
                                      :     **Memorandum &Order**
C.O. DARDEN, C.O. APONTE, C.O.        :
K. LEWIS, DEPUTY SUPT. FOR SECURITY   :
LEE, SUPERINTENDENT B. FISCHER,       :
N.Y.S.D.O.C.S, ET Al.,                :
                                      :
                    Defendants.       :
                                      :
-------------------------------------X

**BARBARA S. JONES
UNITED STATES DISTRICT JUDGE**

   On July 23, 2007 Plaintiff Jonathan Richardson ("Richardson") filed suit against Correction Officer Darden ("Darden"), Correction Officer Aponte ("Aponte"), Correction Officer Lewis ("Lewis"), Deputy Superintendent for Security William Lee ("Lee") and Commissioner Brian Fischer ("Fischer") (collectively "Defendants").  Before the Court is Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedural 12(b)(6) on the grounds that: (1) Plaintiff failed to exhaust his administrative remedies; (2) Defendants Fischer and Lee were not personally involved in any alleged constitutional violation against Plaintiff; and (3) Defendants are immune from suit in their official capacities pursuant to the Eleventh Amendment to the United States Constitution.  For the

reasons set forth below, Defendants' Motion to Dismiss is GRANTED.

## BACKGROUND[1]

Plaintiff's case arises out of an incident that occurred while he was in custody at Sing Sing Correctional Facility in Ossining, New York. On August 8, 2006, Plaintiff was stopped by Officer Darden for being "out of place." (Compl. at 3.) Plaintiff tried to explain why he was out of place, but Officer Darden placed him in a choke-hold. (Compl. at 3.) Plaintiff was then "thrown to the floor," "stomped, punched, and beat[en] with sticks, hands [and] bats." (Compl. at 3.) Specifically, Plaintiff alleges that Officer Aponte kicked him in the mouth and Officer Darden stomped on his head while Officer Lewis held him down. (Compl. at 3.) As a result of the assault, Plaintiff asserts that he sustained bruises on his body, cuts behind his left ear and under his bottom lip, lower back pain, and an injury to his left knee. (Compl. at 3.)

On July 23, 2007, Plaintiff filed a Complaint with this Court seeking monetary damages pursuant to 42 U.S.C. § 1983 for the physical and mental harm he sustained as a result of the incident. (Compl. at 5.) On December 3,

---

[1] The facts described are taken from Plaintiff's Complaint and are assumed to be true for the purposes of this motion only.

2007, Defendants filed the Motion to Dismiss now pending before the Court. On September 2, 2008, the Court directed Plaintiff to respond to Defendants' Motion by October 1, 2008. The Court warned Plaintiff that failure to respond would result in the Court deciding the Motion unopposed. To date, Plaintiff has filed no response. Accordingly, the Court decides Plaintiff's motion unopposed.[2]

**LEGAL STANDARD**

I. Rule 12(b)(6)

Under Rule 12(b)(6), a complaint will be dismissed if there is a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Court must read the complaint generously, accepting the truth of and drawing all reasonable inferences from well-pleaded factual allegations. See York v. Ass'n of Bar of the City of N.Y., 286 F.3d 122, 125 (2d Cir. 2002); see also Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993). A

---

[2] A pro se plaintiff's pleadings should be read to raise the strongest arguments they suggest, see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007), but pro se status does not excuse a plaintiff from compliance with the pleading standards of the Federal Rules of Civil Procedure. Nor does the latitude accorded a pro se litigant excuse him from meeting the requirements necessary to respond to dispositive motions, or from meeting deadlines set by the Court to file opposition. See Jorgensen v. Epic/Sony Records, 351 F.3d 46, 50 (2d Cir. 2003); Hamlett v. Srivastava, 496 F. Supp. 2d 325, 328 (S.D.N.Y. 2007). When a plaintiff fails to respond to a motion to dismiss, the Court may consider the motion unopposed and deem the underlying claims abandoned. See Johnson v. Commissioner of Soc. Sec., 519 F. Supp. 2d 448, 449 (S.D.N.Y. 2007) (citing In re. Refco Capital Mkts., Ltd. Brokerage Cust. Secs. Litig., No. 06 Civ. 643, 2007 WL 2694469, at *6 (S.D.N.Y. Sept. 13, 2007)).

3

court should dismiss a complaint only "if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of him claim which would entitle him to relief.'" Valmonte v. Bane, 18 F.3d 992, 998 (2d Cir. 1994) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Jenkins v. McKeithen, 395 U.S. 411, 422 (1969).

## II. The Exhaustion Requirement

The Prison Litigation Reform Act of 1996 ("PLRA") requires that before a prisoner brings a suit for civil rights violations in federal court under 42 U.S.C. § 1983, all "administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that the statute covers all claims related to living conditions, the behavior of prison staff, or any other abuses that might occur in prison, and applies regardless of the remedies sought by the inmate in a civil suit. See Porter v. Nussle, 534 U.S. 516, 526-28, 532 (2002); Booth v. Churner, 532 U.S. 731, 740-41 (2001). The "boundaries of proper exhaustion" are set by the grievance procedures of an individual state. Jones v. Bock, 127 S. Ct. 910, 923 (2007).

## DISCUSSION

Defendants first argue that Plaintiff's Complaint must be dismissed because he has failed to exhaust his administrative remedies. The Court agrees.

The New York State Department of Corrections ("DOCS") has an established grievance program with specific procedures that must be followed for an inmate to exhaust his administrative remedies. See Sulton v. Greiner, 2000 U.S. Dist. LEXIS 17887, at *7 (S.D.N.Y. Dec. 11, 2000). The process begins with the filing of an Inmate Grievance Form within 14 days of an incident and, if a resolution is not reached informally, there will be a hearing to resolve the grievance. The results of the hearing can be appealed, first to the superintendent and then to the central office review committee. See 7 N.Y.C.R.R. §§ 701.7(a)(4), (b), (c). Defendants have demonstrated, through a review and submission of all grievances and appeals filed by the Plaintiff during his time at Sing Sing, that Plaintiff did not file the appropriate grievance forms in this case. (Dawkins Decl., Ex. B, C.) Plaintiff himself did not make any contrary showing in his Complaint and failed entirely to respond to Defendants' Motion to Dismiss. It thus appears that Plaintiff has failed to exhaust his administrative remedies.

A dismissal for failure to exhaust administrative remedies may be without prejudice. See Berry v. Kerik, 366 F.3d 85, 88 (2d Cir. 2004) (stating that "[f]ailure to exhaust administrative remedies is often a temporary, curable procedural flaw" and "[i]n such circumstances . . . dismissal without prejudice is appropriate."). However, this rule "would extend too far if applied to cases where exhaustion was required but administrative remedies have become unavailable after the prisoner had ample opportunity to use them and no special circumstances justified failure to exhaust." Id. at 88. Plaintiff's claim originates from an incident that occurred in August of 2006. Plaintiff had ample opportunity to complete the full grievance process established by DOCS while in custody. Under these circumstances, the Court grants Defendant's Motion to Dismiss with prejudice based on Plaintiff's failure to exhaust his administrative remedies as required by the PLRA. Accordingly, the Court need not reach Defendants' alternative arguments for dismissal.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss in GRANTED. Because no further issues remain in this action, the Clerk of the Court is directed to the close the case.

**SO ORDERED:**

Barbara S. Jones
**UNITED STATES DISTRICT JUDGE**

Dated: New York, New York
February 16, 2009